UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| W.Z.L., a minor, b/n/f and natural parent CYNTHIA RANDOLPH and CYNTHIA RANDOLPH, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:08-CV-386 (VARLAN/GUYTON) |
| JAMES KEITH and JUDY KEITH and T.Z.K., a minor, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This civil action is before the Court on Defendants James Keith, Judy Keith, and T.Z.K.'s (hereinafter collectively referred to as "Defendants") Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. [Doc. 6.] Defendants contend that dismissal for lack of personal jurisdiction is proper because the parties in this matter are not completely diverse. Due to the alleged lack of complete diversity, Defendants have raised the issue of whether subject matter jurisdiction is lacking in this case. Plaintiffs W.Z.L. and Cynthia Randolph (hereinafter collectively referred to as "Plaintiffs") responded in opposition to the motion and requested limited discovery on the jurisdictional matters in this case. [*See* Doc. 10.] The Court granted Plaintiffs' request [Doc. 17], and the parties then submitted supplemental briefs and other supporting materials on the relevant issues. [*See* Docs. 21; 22.] The matter is now ripe for the Court's consideration. For the reasons that follow, the Court will grant Defendants' motion.

## I. BACKGROUND

The present cause of action arose on or about June 15, 2008, when Defendant T.Z.K. and Plaintiff W.Z.L., both minors, were involved in an incident in Blount County, Tennessee, in which an ATV allegedly rolled over causing injuries to Plaintiff W.Z.L. [Doc. 1 at 1-2.] Plaintiffs allege that the incident occurred while Defendant T.Z.K. was residing with his paternal grandparents, Defendants James and Judy Keith ("Defendant Grandparents"). [Doc. 1 at 1.] On September 23, 2008, Plaintiffs filed this personal injury action against the Defendants. [*See* Doc. 1.] Defendants then filed the present motion contending that complete diversity was lacking in this matter because Defendant T.Z.K., like Plaintiffs, was a citizen of Indiana at the time of filing.

Prior to the incident, Defendant T.Z.K.'s paternal aunt, Lisa M. Keith ("the Aunt"), petitioned an Indiana state court for emergency temporary guardianship over her minor nephew, Defendant T.Z.K., on October 3, 2007. [Doc. 6-2 at 2-4.] In her petition, the Aunt stated that Defendant T.Z.K.'s mother, Michelle Keith, and his father, David Keith, were both "unable to presently care" for Defendant T.Z.K. [Doc. 6-2 at 2.] On October 4, 2007, an Indiana State Court granted the Aunt's emergency petition. [Doc. 6-2 at 5.] On February 11, 2008, the Aunt was appointed "Guardian of the Person and Estate of [T.Z.K.] due to his incapacity." [Doc. 6-2 at 7.]

Defendant T.Z.K. then came to visit the Defendant Grandparents for the summer in Blount County, Tennessee, in May of 2008. [Doc. 21-1 at 3.] Since November of 2007, David Keith, Defendant T.Z.K.'s father, had been living with Defendant Grandparents.

2

[Doc. 21-1 at 2.] On August 1, 2008, Defendant Judy Keith enrolled Defendant T.Z.K. in a high school in Blount County, Tennessee. [Doc. 21-1 at 4.] On the enrollment form, Defendant Judy Keith indicated that the Aunt in Indiana was Defendant T.Z.K.'s legal guardian, but he had the intention of moving to Tennessee. [Doc. 21-1 at 4.] According to Defendant Judy Keith, the Aunt paid for Defendant T.Z.K.'s expenses in June and July of 2008. [Doc. 21-1 at 6.] Once school began in August of 2008, the Defendant Grandparents started to pay Defendant T.Z.K.'s school costs. [Doc. 21-1 at 6.] As of January of 2009, the Aunt no longer sent money to Defendant T.Z.K., and Defendant Grandparents were paying for his car insurance, clothing, food, housing, and school-related costs. [Doc. 21-1 at 6.]

According to Defendant Judy Keith, she made the decision that Defendant T.Z.K. would stay and go to school in Tennessee during the last week of July 2008. [Doc. 21-1 at 7.] In mid-October of 2008, the Defendant Grandparents filed an application to obtain guardianship of Defendant T.Z.K. in Maryville, Tennessee, which was granted in November of 2008. [Doc. 21-1 at 3.] David Keith filed an affidavit indicating his agreement for guardianship by Defendant Grandparents. [Doc. 21-1 at 3.]

## II. ANALYSIS

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Notably, "[t]he party opposing dismissal has the burden of proving subject matter jurisdiction." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 627 (6th Cir. 2009) (citations omitted). In light of all of this, the Court will first determine whether Plaintiffs have met their burden of establishing subject matter jurisdiction before reaching Defendants' personal jurisdiction arguments.

In the present case, Plaintiffs contend that the Court has subject matter jurisdiction on the basis of diversity jurisdiction. Title 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While the parties do not dispute the amount in controversy requirement, they disagree whether there is complete diversity of citizenship. Specifically, Defendants contend that, like Plaintiffs, Defendant T.Z.K. is a citizen of Indiana thereby destroying complete diversity in this action. In contrast, Plaintiffs contend that complete diversity exists because Defendant T.Z.K. is a citizen of Tennessee.

Generally, the citizenship of a natural person is equated with his domicile. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). For a minor child, the domicile "is controlled by his parents, or by the person who is charged with the legal care and custody of him." *Mancuso v. Cruise*, No. 3:05-0562, 2006 WL 20517, at *2 (M.D. Tenn. Jan. 4, 2006) (quoting *McElhaney v. Chipman*, 647 S.W.2d 643, 644 (Tenn. Ct. App. 1982); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (discussing how

4

the citizenship of a minor is usually determined by the domicile of his parents). A minor does not have the capacity to change domicile on his own, and his domicile must be determined in reference the appropriate person. *Mancuso*, 2006 WL 20517, at *2. Additionally, a person can only have one domicile at a time for purposes of diversity jurisdiction, so a previous domicile cannot be lost until another one is "adequately established." *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008) (citation omitted). In the present case, the parties dispute who is the person "charged with the legal care and custody" of Defendant T.Z.K. for purposes of determining his domicile. *Mancuso*, 2006 WL 20517, at *2. Defendants contend that Defendant T.Z.K.'s citizenship is controlled by that of the Aunt in Indiana, while Plaintiffs argue that his domicile is Tennessee, like that of the Defendant Grandparents.

To resolve this issue, the Court must first determine the pertinent date for determining the citizenship of Defendant T.Z.K. The Supreme Court has recognized that "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (citation omitted). For this "time-of-filing rule," challenges to subject matter jurisdiction premised upon diversity of citizenship are measured "against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571. In *Grupo Dataflux*, the Supreme Court declined to allow a subsequent change in citizenship to cure a jurisdictional defect that existed at the time of filing. *Id.* at 575. In other words, "[e]ither the court has jurisdiction

5

at the time the defect is identified (because the parties are diverse at that time) or it does not (because the postfiling citizenship change is irrelevant)." *Id.* at 576. In this case, the complaint was filed on September 23, 2008, and the Court will determine the citizenship of the parties as of that date. Any subsequent change in citizenship by Defendant T.Z.K. will not be considered for purposes of determining diversity of citizenship in the present case.

Courts addressing the issue of determining a minor's domicile have looked at the facts surrounding the care and responsibility for the child. In *Dunlap by Wells v. Buchanan*, the Eighth Circuit determined the domicile of a minor plaintiff by looking at who provided for his support, education, and other responsibilities for the child. 741 F.2d 165, 169 (8th Cir. 1984) (determining that the citizenship of a minor was determined to be that of his parents in Arkansas even though the child resided in and had a guardian of his person in Texas). The Seventh Circuit has examined "whether the parents continued in their parental roles to support and control the minor child." *Mulholland v. AAA Food Service, Inc.*, No. 89-3492, 1990 WL 223012, at *3 (7th Cir. Dec. 28, 1990). The Third Circuit has examined "a mosaic of circumstances" including "the opinions of parents or guardians who are acting in good faith and in the best interest of the individual, as well as objective factors demonstrating the quality of the individual's attachment to his proposed domicile." *Juvelis v. Snider*, 68 F.3d 648, 655-56 (3d Cir. 1995). In Tennessee, there is authority that "a judicial proceeding of some form in a court of competent jurisdiction is required" and that "a minor's domicile cannot be changed simply by the grandparents' acquisition of mere physical possession of the minor." *McElhaney*, 647 S.W.2d at 644-45.

Keeping in mind the time-of-filing rule, the Court finds that Plaintiffs have failed to meet their burden of establishing that Defendant T.Z.K. had "adequately established" his Tennessee citizenship when the complaint was filed on September 23, 2008. *Persinger*, 539 F. Supp. 2d at 996. Because he is a minor, his citizenship must be the same as "the person who is charged with the legal care and custody of him," which is either the Aunt in Indiana or the Defendant Grandparents in Tennessee. *Mancuso*, 2006 WL 20517, at *2. Evidence such as Defendant T.Z.K. attending school in Tennessee as of August 1, 2008, his residing with the Defendant Grandparents at the time the complaint was filed, and the Defendant Grandparents purchasing his school clothes in July of 2008 arguably support Plaintiffs' position that the Defendant Grandparents were charged with the legal care and custody of Defendant T.Z.K. as of the filing date. However, other evidence shows that the Aunt continued to financially support Defendant T.Z.K., that she was identified as his legal guardian when he enrolled in a Tennessee high school in August of 2008, and that Defendant T.Z.K.'s possessions remained in Indiana until October of 2008. The evidence suggests that Defendant T.Z.K. may have been in the process of changing his domicile to Tennessee but had not yet "adequately established" it as of the filing of the complaint on September 23, 2008. *Persinger*, 539 F. Supp. 2d at 996. As a result, such evidence supports Defendants' argument that Defendant T.Z.K.'s domicile was the same as the Aunt in Indiana on the filing date. Furthermore, the *McElhaney* court noted the importance of judicial proceedings to change a minor's domicile. 647 S.W.2d at 644-645. In this case, the judicial proceeding transferring legal guardianship of Defendant T.Z.K. to the Defendant Grandparents did not

7

occur until November 7, 2008. [Doc. 21-2 at 9-10.] In light of all of this, the Court finds that Plaintiffs have failed to meet their burden of establishing Defendant T.Z.K.'s domicile in Tennessee as of September 23, 2008. As a result, complete diversity is lacking, and this case will be dismissed for lack of subject matter jurisdiction. Because the Court will dismiss this action for lack of subject matter jurisdiction, it is unnecessary for the Court to address the issue of personal jurisdiction.

### III. CONCLUSION

For the reasons herein, the Court finds that dismissal of this action is proper due to lack of subject matter jurisdiction at the time of filing.[1] Accordingly, pursuant to Fed. R. Civ. P. 12(b)(h)(3), the Court hereby **DISMISSES without prejudice** the claims against Defendants. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[1]Though this case is dismissed for lack of subject matter jurisdiction, the Court notes that diversity jurisdiction would likely exist should Plaintiffs refile this action in federal court because the evidence currently before the Court strongly suggests that the barriers to diversity jurisdiction that existed on September 23, 2008, have since been removed. In other words, the evidence indicates that Defendant T.Z.K. has now "adequately established" his domicile in Tennessee through the Defendant Grandparents who are now charged with his legal care and custody.

8